UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER NEWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL MEDICAL ADMINISTRATION SERVICES, LLC,<br><br>    Defendant. | Case No. 3:18-cv-74<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Jennifer Newman, by and through her attorney, Blaire E. Patrick, Esquire, Kraemer, Manes & Associates, LLC. and hereby files this Complaint against Defendant alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, similar provisions under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 955 *et seq.*

### II. Jurisdiction and Venue

2. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, similar provisions under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 955 *et seq.*

3. This Court has jurisdiction over Plaintiff's federal discrimination claims pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over Plaintiff's state-law discrimination claim pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued her a right to sue letter on January 23, 2018.

### III. Parties

6. Plaintiff, Jennifer Newman (hereinafter, "Plaintiff"), is an adult individual residing at 100 Station Road, Nanty Glo, Cambria County, Pennsylvania, 15943.

7. Defendant, Universal Medical Administration Services, LLC (hereinafter, "Defendant") is a Pennsylvania corporation with a registered business address located at 1405 Eisenhower Boulevard, Suite 201, Johnstown, Cambria County, Pennsylvania 15904.

8. Defendant operates out of a principle place of business located at 429 Park Place, Windber, Somerset County, Pennsylvania, 15963.

### IV. Facts

9. Plaintiff became employed with Defendant on or about January 28, 2017 as a Medical Billing Assistant.

10. Plaintiff suffers from bipolar disorder.

11. Plaintiff never disclosed her disability to Defendant and it did not interfere with her ability to perform her job or complete tasks.

12. The owner of Defendant corporation, Patricia Grieshiemer, (hereinafter, "Grieshiemer") praised Plaintiff's performance and quality of her work. It is believed that Grieshiemer told Plaintiff that she was "on track for an end-of-probation raise."

13. On or about March 9, 2017, Plaintiff sent an email to Grieshiemer informing her that she was not feeling well that day and to ask if she could continue her shift at home.

14. It was common practice for Defendant to allow its employees to work at home.

15. Grieshiemer asked Plaintiff to meet with her later that day.

16. Grieshiemer informed Plaintiff that she was to meet with Tiffany Craig (hereinafter, "Craig"), a Human Resources representative because she was to be terminated.

17. During this meeting, Grieshiemer stated to Plaintiff, "Cassandra [Newman] let it slip yesterday that you are bipolar, and it shows in your work."

18. Cassandra Newman (hereinafter, "Newman") is Plaintiff's daughter-in-law, and was an employee of Defendant. On or about March 8, 2017, it is believed that Newman made a remark in passing to Grieshiemer that Newman may be, "bipolar like Jen," referring to Plaintiff.

19. During the March 9, 2017 meeting with Plaintiff, it is believed that Grieshiemer stated, "I was misinformed when I told you that you were doing great," then further stating, "people with bipolar cannot be medical billers," "You are in the wrong profession," and suggesting that Plaintiff, "try to get on disability."

20. It is believed that Grieshiemer stated that she had received information that there were complaints from clients about Plaintiff's work. Plaintiff had not been informed of any complaints before March 9, 2017.

21. Plaintiff was terminated by Defendant on March 9, 2017.

22. On or about March 10, 2017, Plaintiff received a text message from Shelby Piker (hereinafter, "Piker"), Plaintiff's former supervisor and the individual responsible for training Plaintiff. The text message from Piker stated that Piker had not received any complaints from clients and that Plaintiff was adequately performing all of the tasks given to her.

23. Grieshiemer chose to terminate Plaintiff upon discovering the existence of her disability.

## V. Allegations

### COUNT I
### ADA, 42 U.S.C. § 12101 *et seq.*
### Disability Discrimination

24. The preceding paragraphs are incorporated herein as if set forth at length.

25. Plaintiff suffers from and is under treatment for bipolar disorder, qualifying her as having a disability under the ADA.

26. Plaintiff was fully qualified to perform all the essential job functions of her position with or without reasonable accommodations.

   a. Plaintiff worked without accommodation and was praised for her performance.

27. Plaintiff was terminated one day after Defendant learned of Plaintiff's disability through a third individual.

   a. Plaintiff was told by Defendant and Grieshiemer that "people with bipolar cannot be medical billers" and "try to get on disability."

28. When Defendant became aware of Plaintiff's disability, Defendant did not engage in the interactive process to find if reasonable accommodations were necessary for Plaintiff.

29. Defendant failed to accommodate Plaintiff due to her disabilities.

30. Plaintiff was terminated because of her disabilities.

31. Plaintiff was damaged by Defendant's actions.

### COUNT II
### PHRA Title 43 P.S. §955(a)
### Disability Discrimination

32. The preceding paragraphs are incorporated herein as if set forth at length.

33. Plaintiff suffers from and is under treatment for bipolar disorder, qualifying her as having a disability under the ADA

34. Plaintiff was fully qualified to perform all the essential job functions of her position with or without reasonable accommodations.

   a. Plaintiff worked without accommodation and was praised for her performance.

35. Plaintiff was terminated one day after Defendant learned of Plaintiff's disability through a third individual.

   a. Plaintiff was told by Defendant and Grieshiemer that "people with bipolar cannot be medical billers" and "try to get on disability."

36. When Defendant became aware of Plaintiff's disability, Defendant did not engage in the interactive process to find if reasonable accommodations were necessary for Plaintiff.

37. Defendant failed to accommodate Plaintiff due to her disabilities.

38. Plaintiff was terminated because of her disabilities.

39. Plaintiff was damaged by Defendant's actions.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for the following:

    a.    Loss of wages;

    b.    Additional punitive damages;

    c.    Plaintiff's legal fees;

    d.    Pre-judgment and continuing interest;

    e.    Court costs; and

    f.    Other such relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ *Blaire E. Patrick*
Blaire E. Patrick, Esq.
**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5595 (p)
412.345.5151 (f)
bp@lawkm.com